IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISON

| | |
|---|---|
| JEANIA CRADDOCK, <br><br> Plaintiff, <br><br> v. <br><br> AMPRO INC. d/b/a ABACUS INDUSTRIES, INC. and EXPRESS EMPLOYMENT PROFESSIONALS, f/k/a EXPRESS PERSONNEL, <br><br> Defendants. | Case No. 09-CV-3032 <br><br><br> **AMENDED COMPLAINT AND JURY DEMAND** |

COMES NOW the Plaintiff, JEANIA CRADDOCK, by and through her attorneys, and for her cause of action, hereby states the following:

## INTRODUCTION

1. This is an action under Title VII of the Civil Rights Act of 1964, **42 U.S.C. § 1981**, and the Iowa Civil Rights Act, challenging Defendant's race discrimination, racial harassment, and retaliation toward the Plaintiff.

2. Plaintiff Jeania Craddock is a resident and citizen of Cerro Gordo County, Iowa.

3. Defendant Ampro, Inc., d/b/a Abacus, Industries, Inc., ["Ampro, Inc."] is an Iowa corporation with its principal place of business in Mason City, Cerro Gordo County, Iowa.

**4. Defendant Express Employment Professionals, f/k/a Express Personnel ["Express"] is a Colorado corporation licensed to do business in the state of Iowa, with an office in Mason City, Cerro Gordo County, Iowa.**

5. The acts of which Plaintiff complains occurred in Cerro Gordo County, Iowa.

EXHIBIT A

1

## PROCEDURAL REQUIREMENTS

6. Within 180 days of the acts of which she complains, Plaintiff filed charges of employment discrimination against Defendants with the Iowa Civil Rights Commission, which cross-filed her charges with the U.S. Equal Employment Opportunity Commission.

7. On approximately February 3, 2009, less than 90 days prior to the filing of this Complaint, the U.S. Equal Employment Opportunity Commission issued an Administrative Release with respect to all of Plaintiff's charges.

## FACTUAL BACKGROUND

8. In approximately May or June 2008, Plaintiff was hired by Express Personnel to work at Defendant Ampro, Inc. as a temporary production worker. Plaintiff's job duties included assembly and other miscellaneous tasks.

9. Approximately two months after she was hired as a temporary employee, Defendant Ampro, Inc. **indicated it would hire Plaintiff as a permanent supervisory employee once she had completed her contracted hours with Express. Plaintiff received the promotion to supervisor and a pay increase,** and her job duties included giving other employees assignments and overseeing the work of other employees.

10. **At all times, plaintiff was in a dual employer situation where both Ampro Inc, and Express had responsibilities to prevent discrimination, harassment and retaliation under Federal and State law.**

11. **After Plaintiff became a supervisor at Ampro, Inc.,** she began to experience discriminatory and harassing treatment.

12. For example, a worker supervised by Plaintiff walked off the job one day, stating, "I do not have to listen to a nigger tell me what to do."

13. Other workers supervised by Plaintiff said things like, "this Black person thinks she is something because she is a supervisor."

14. Plaintiff was also stereotyped as an African-American. For example, Plaintiff was accused of bringing drugs to work, getting high on drugs at work, and allowing employees whom she supervised to drink alcohol at work.

**15. On approximately September 23, 2008, Plaintiff was fired. She was given no reason for being fired, other than that her assignment was up at Ampro, Inc.**

16. After Defendant Ampro, Inc. fired the Plaintiff, it re-hired the employee who stated that he did not have to listen to a nigger tell him what to do.

17. Plaintiff is an African-American female, protected by law from discriminatory practices.

18. **Defendants Ampro and Express** failed to investigate or address the harassment and discrimination appropriately, and it continued.

**19. Defendants Ampro and Express retaliated against Plaintiff by interfering with her future employment.**

### COUNT I
### VIOLATION OF THE IOWA CIVIL RIGHTS ACT
### RACE DISCRIMINATION, RACIAL HARASSMENT & RETALIATION
(Defendants Ampro and Express)

20. Plaintiff realleges paragraphs **1 through 19** as if fully set forth herein.

21. **Defendants** discriminated against Plaintiff with respect to terms and conditions of her employment and subjected her to harassment.

22. Plaintiff's race was a motivating factor in the discrimination and harassment

23. Plaintiff complained to **Defendants** about the race discrimination and racial harassment she experienced and otherwise opposed practices made unlawful by Iowa Code Chapter 216.

24. **Defendants** retaliated against Plaintiff, including but not limited to:

 a. Making false accusations accusing Plaintiff of wrongdoing; and

 b. Terminating Plaintiff's employment.

25. Plaintiff's race and her complaints of race discrimination, racial harassment, and retaliation were motivating factors in **Defendants'** retaliation of her.

26. As a proximate result of **Defendants'** acts and omissions, Plaintiff has in the past and will in the future suffer damages including, but not limited to, mental and emotional distress, fear, anguish, humiliation, intimidation, embarrassment, lost enjoyment of life; lost wages, benefits, future earnings, and other emoluments of employment.

27. **Defendants** acted with willful and wanton disregard for Plaintiff's rights and safety.

WHEREFORE, Plaintiff demands judgment against **Defendants Ampro and Express** in an amount which will fully and fairly compensate her for her injuries and damages, for punitive damages in an amount sufficient to punish **Defendants** and deter others, for interest as allowed by law, for attorney's fees, for the costs of this action, for appropriate equitable and injunctive relief, including but not limited to reinstatement, and for such other relief as may be just in the circumstances and consistent with the purpose of the Iowa Civil Rights Act.

## COUNT II
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
## SEXUAL HARASSMENT, SEX DISCRIMINATION, & RETALIATION
**(Defendants Ampro and Express)**

28. Plaintiff realleges paragraphs **1 through 27** as if fully set forth herein.

29. **Defendants** discriminated against Plaintiff with respect to terms and conditions of her employment and subjected her to harassment.

30. Plaintiff's race was a motivating factor in the discrimination and harassment

31. Plaintiff complained to **Defendants** about the race discrimination and racial harassment she experienced and otherwise opposed practices made unlawful by Title VII of the Civil Rights Act of 1964.

32. **Defendants** retaliated against Plaintiff, including but not limited to:

   c.   Making false accusations accusing Plaintiff of wrongdoing; and

   d.   Terminating Plaintiff's employment.

33. Plaintiff's race and her complaints of race discrimination, racial harassment, and retaliation were motivating factors in **Defendants'** retaliation of her.

34. As a proximate result of **Defendants'** acts and omissions, Plaintiff has in the past and will in the future suffer damages including, but not limited to, mental and emotional distress, fear, anguish, humiliation, intimidation, embarrassment, lost enjoyment of life; lost wages, benefits, future earnings, and other emoluments of employment.

35. **Defendants** acted with willful and wanton disregard for Plaintiff's rights and safety.

WHEREFORE, Plaintiff demands judgment against **Defendants Ampro and Express** in an amount which will fully and fairly compensate her for her injuries and damages, for punitive damages in an amount sufficient to punish **Defendants** and deter others, for interest as allowed by law, for attorney's fees, for the costs of this action, for appropriate equitable and injunctive relief, including but not limited to reinstatement, and for such other relief as may be just in the circumstances and consistent with the purpose of Title VII of the Civil Rights Act of 1964.

## COUNT III
## 42 U.S.C. § 1981-VIOLATION OF CONTRACTUAL RIGHTS DUE TO RACE
(Defendant Express)

36. Plaintiff realleges paragraphs 1 through 35 as if fully set forth herein

37. The conduct heretofore set forth in this petition regarding harassment, discrimination and retaliation violated the Plaintiff's contractual rights due to her race, and as such are a direct violation of 42 U.S.C. § 1981.

38. The race discrimination, racial harassment, and retaliation are part of the continuing pattern and practice of Defendant Express and occurred prior to, throughout, and continue after the termination of Plaintiff's employment with Express with regard to African Americans employed by Defendant and who have applied for employment with Defendant.

39. Said conduct resulted in Plaintiff suffering from a loss of wages, as well as emotional distress and other compensatory damages.

40. Said conduct was willful and warrants the imposition of punitive damages.

WHEREFORE, Plaintiff demands judgment against Defendant Express in an amount which will fully and fairly compensate her for her injuries and damages, for punitive damages in an amount sufficient to punish Defendant and deter others, for interest as allowed by law, for attorney's fees, for the costs of this action, for appropriate equitable and injunctive relief, including but not limited to reinstatement, and for such other relief as may be just in the circumstances and consistent with the purpose of 42 U.S.C. § 1981.

## **JURY DEMAND**

COMES NOW the Plaintiff and hereby requests a trial by jury in the above-captioned matter.

> NEWKIRK LAW FIRM, P.L.C.
>
> */s/ Thomas A. Newkirk*
> Thomas A. Newkirk AT 0005791
> tnewkirk@newkirklaw.com
> 515 East Locust Street, Suite 300
> Des Moines, IA 50309
> Telephone:  (515) 883-2000
> Fax:  (515) 883-2001
> ATTORNEY FOR PLAINTIFF

Original filed.

Copy to:

Ben Roach
Nyemaster, Goode, PC
700 Walnut, Suite 1600
Des Moines, IA 50309
Telephone:  515-283-8158
Facsimile:  515-283-8045
Email:  broach@nyemaster.com

ATTORNEYS FOR DEFENDANT AMPRO

---

**ELECTRONIC PROOF OF SERVICE**

**The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein through electronic means through CourtWatch and/or their respective email addresses disclosed on the pleadings on  December 4, 2009, by:**

**Signature:  __/s/ Lynda D. Shoemaker_____**

---

7